UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT GOGUEN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:12-cv-00070-GZS |
| | ) |
| JAMES FOSS, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION
RE: MOTION FOR PARTIAL DISMISSAL
(ECF NO. 11)**

Robert Goguen, a federal prisoner awaiting disposition of federal charges, was housed for a period of time at the Aroostook County Jail. He has filed a civil rights complaint against James Foss, the Jail Administrator, alleging that Foss, as the policy maker for the jail, implemented an "all out ban on magazines, newspapers" that included a prohibition on inmates' ability "to receive books from outside the facility regardless of being paperbacks or coming from a publisher." (Complaint, ECF No. 1, at p. 3, ¶ IV.) Goguen's requested relief includes the following: (1) injunctive relief declaring that the policy violates the United States Constitution; (2) compensatory damages in the amount of five dollars per day per inmate, for every inmate who has been subject to the ban; and (3) punitive damages of $1,000.00 per inmate. Foss has moved for partial dismissal of the complaint, claiming that Goguen's transfer to another county jail has rendered moot the quest for injunctive relief and asserting that Goguen's claim for compensatory, punitive, or nominal damages would necessarily be limited to damages in his own behalf because he is not authorized to obtain monetary relief on behalf of a class of other inmates who may have been impacted by the same policy. I am persuaded that the motion for partial

dismissal is meritorious and therefore I recommend that the Court grant the motion. Goguen's complaint against Foss will not be dismissed as a result of this Order, but it will be limited to his own claim for compensatory and punitive damages. Of course, if Goguen were to prevail on this claim it would be because the evidence had established that the then existing policy at the Aroostook County Jail violated his constitutional rights and, in all likelihood, the jail would adjust its policies accordingly, obviating anyone's need for prospective injunctive relief in any event.

## Discussion

*Ability of a Transferred Inmate to Obtain Injunctive Relief*

The record in this case is undisputed. Goguen agrees that he is no longer at the Aroostook County Jail and the docket entries affirmatively establish that Goguen has been moved to another facility. Nor does it appear likely that Goguen will be returned to Aroostook County in the foreseeable future. A review of the docket entries in <u>United States v. Goguen</u>, 1:11-cr-00003-JAW, reveals that Goguen pled guilty to a federal indictment on July 14, 2011, and a presentence conference has been set for August 13, 2012. It does not appear that Goguen's return to the Aroostook County Jail is imminent, or even remotely likely.

Accordingly, because Goguen is a federal prisoner who is unlikely to be returned to Aroostook County, I find his claim for injunctive relief under 42 U.S.C. § 1983 moot. <u>Shaheed-Muhammad v. Dipaolo</u>, 138 F. Supp. 2d 99, 106 (D. Mass. 2001); <u>Preiser v. Newkirk</u>, 422 U.S. 395, 402–03 (1975) (action brought by a state prisoner for injunctive relief/declaratory judgment rendered moot because the challenged actions were no longer in effect when the case reached the district court); <u>Kensu v. Haigh</u>, 87 F.3d 172, 175 (6th Cir. 1996) (transfer to another prison

moots a prisoner's request for injunctive relief); Beyah v. Coughlin, 789 F.2d 986, 988 (2d Cir. 1986) (same).  This portion of his request for relief should be dismissed.

*Ability of Goguen to Bring Suit on Behalf of Other Inmates*

Pro se litigants are not permitted to appear for others in federal courts.  See Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982) ("The federal courts have consistently rejected attempts at third-party lay representation.").  An individual may appear in federal court only pro se or by legal counsel.  Id. (citing 28 U.S.C. § 1654).  With regard to class representation, the Federal Rules of Civil Procedure require a District Court to appoint class counsel to represent the class of litigants.  "A pro se plaintiff may not possess the knowledge and experience necessary to protect the interests of the class as required by Rule 23(a)(4)."  Avery v. Powell, 695 F. Supp. 632, 643 (D.N.H. 1988) (denying pro se plaintiff's motion for class certification because of his inability to fairly and adequately protect the interests of the class); see also Long Timers Group, Inc. v. Maine Dept. of Corr., 2:08-cv-00305, Order Denying Motion to Certify Class, ECF No. 46, Hornby, J.).  Courts have routinely declined to certify a class where a pro se litigant will act as counsel for the class.  This is particularly true where a pro se prisoner requests certification to represent a class of prisoners.  See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that "it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action"); Awala v. Fed. Pub. Defender, 176 Fed. Appx. 334, 335 (3d Cir. 2006) (unpublished) (declining to certify a class because a prisoner acting pro se would not be able to adequately represent the interests of the prisoners he sought to represent as a class); Fowler v. Lee, 18 Fed. Appx. 164, 165 (4th Cir. 2001) (unpublished) (holding that "[i]t is plain error for a pro se inmate to represent other inmates in a class action").  In light of the foregoing, Goguen's attempt to suggest in his

complaint that this action is being brought on behalf of other inmates should be dismissed. Obviously this case is not yet at the class certification stage and any dismissal of this claim for relief would be without prejudice to Goguen's right to attempt to certify a class of plaintiffs should he ever obtain counsel to appear in this action.

## Conclusion

Based upon the foregoing, I recommend that the motion for partial dismissal be granted.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 7, 2012                    /s/ Margaret J. Kravchuk
                                  U.S. Magistrate Judge